IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03029-WJM-CBS

UNITED STATES ex rel.,
MARTHA L. BAKER,

    Plaintiff-Relator

    v.

BANNER HEALTH and BANNER
MEDICAL GROUP COLORADO,

    Defendants.

## STIPULATED PROTECTIVE ORDER

    Upon showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

    1.    In this action, at least one of the Parties has sought and/or may seek to discover Confidential Information, including Protected Health Information. "Confidential Information" and "Protected Health Information" are defined in part, in paragraphs 6, 7, and 8, below.

    2.    The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order. The Parties recognize that the disclosure of Confidential Information and Protected Health Information could result in significant injury to one or more of the Parties' business or privacy interests, the patient(s) identified in the

protected health records, and/or without an agreement, a possible violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. The purpose of this Protective Order is to prohibit the Parties from using or disclosing the Confidential Information and Protected Health Information for any purpose other than this litigation.

4. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party.

5. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this litigation and designated as "Confidential" pursuant to the terms of this Protective Order. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6. "Confidential Information," includes any documents that contain "Protected Health Information", protected professional review information, proprietary business information, financial or tax information, compliance and/or investigative files, or other information that has been maintained by the designating party in a confidential fashion.

7. "Confidential Information" may include information that implicates common law and statutory privacy interests of the Plaintiff and the Defendants in this matter,

including current and former employees of Defendants. *See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel /employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980); COLO. REV. STAT. §§ 12-36.5-101 *et seq.;* §§ 25-3-109 *et seq.* (Professional Review and Quality Assurance Rules).

8. "Protected Health Information" includes all documents and other materials which constitute Protected Health Information, as that term is defined in the Privacy Regulations promulgated pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164 (the "privacy regulations"), and copies, summaries, pleadings, testimony or transcripts containing quotations there from or references thereto. This Order is intended to constitute a "qualified protective order" as described in 45 C.F.R. 164.512(e).

9. Documents containing "Confidential Information," including "Protected Health Information," are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Designation or identification, or assertion of a document as Confidential or Privileged Information does not necessarily indicate that it is or is not discoverable.

10. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence. CONFIDENTIAL Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except in the preparation and trial of this case.

13. CONFIDENTIAL Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order:

   a. attorneys actively working on this case and their support staff;

   b. the Parties and designated representatives and agents for the Defendants;

   c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e. deponents;

    f. the Court and employees of the Court;

    g. the attorneys, investigators, and other employees of the United States Attorney's Office and the United States Department of Justice;

    h. a witness or potential witness in this case; and

    i. other persons by written agreement of the Parties.

CONFIDENTIAL information shall not be disclosed to persons specified in subparagraphs 13 (c), (e), (h) and (i) until such persons have executed a Written Acknowledgment as set forth in Attachment A.

    14. The Party's counsel who discloses CONFIDENTIAL Information pursuant to subparagraphs 13(c), (e), (h) and (i) shall send to the recipient of the information a copy of the Protective Order and obtain a Written Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the Protective Order. The subject Party's counsel shall maintain a list of all persons to whom any CONFIDENTIAL Information is disclosed and retain the Written Acknowledgments.

    15. No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including, but not limited to, for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

16.     A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

17.     In the event it is necessary for the Parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, nothing contained herein shall prevent a party from applying to the Court to restrict public access to the CONFIDENTIAL Information in accordance with the procedures and requirements of D.C.COLO.LCiv.R 7.2.

18.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order, and the terms and requirements of this Protective Order shall survive the termination of this action.

19. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

20. Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Records and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of Confidential Records for a period of no more than three (3) years from the conclusion of the litigation at which time the Confidential Records shall either be returned or destroyed.

21. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated: December 16th, 2014.

 BY THE COURT:

 _____
 Craig B. Shaffer
 United States Magistrate Judge