IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03029-WJM-CBS

UNITED STATES ex rel,
MARTHA L. BAKER,

Plaintiff-Relator

v.

BANNER HEALTH and BANNER
MEDICAL GROUP COLORADO,

Defendants.

---

DEFENDANTS' MOTION TO FILE A SUR-REPLY TO RELATOR'S REPLY IN SUPPORT OF RELATOR'S EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT

---

COME NOW Defendants Banner Health and Banner Medical Group Colorado ("Defendants") pursuant to WJM Revised Practice Standards IIII(I) and respectfully move the Court for leave to file a sur-reply to Relator's Reply in Support of Relator's Early Motion for Partial Summary Judgment ("Relator's Reply") [Doc # 53] because Relator introduced a legal argument in Relator's Reply which she failed to raise in her Early Motion for Partial Summary Judgment ("Relator's Motion") and which is inapplicable to the issue in front of the Court. As grounds therefore, Defendants state as follows:

Pursuant to D.C.COLO.L CivR 7.1(a), the undersigned has conferred with Relator's counsel and Relator's counsel does not oppose the relief requested herein but

states that Relator is not waiving her right to request permission to respond to Defendants' sur-reply.

1. Relator's Motion asked the Court to find that, as a matter of law, a physician or nonphysician practitioner who does not meet the requirements to be considered an "authorized user" under the Colorado Code of Regulations cannot provide the required "direct supervision" for external beam radiation therapy services.

2. D.C.COLO.L CivR 7.1(d) provides for a response to a motion for summary judgment and a reply but does not specifically provide for a sur-reply by the nonmoving party.

3. However, "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Material, for purposes of this framework, includes both new evidence and new legal arguments. *Id.*

4. In Relator's Reply, Relator raised 42 C.F.R. § 410.75(e)(1) for the first time. This section of the Code of Federal Regulations states: "Nurse practitioners can be paid for professional services only when the services have been personally performed by them and no facility or other provider charges, or is paid, any amount for the furnishing of the professional services. (1) Supervision of other nonphysician staff by a nurse practitioner does not constitute personal performance of a professional service by a nurse practitioner." *Id.* This is a new legal argument, and it is misleading to the Court because it does not apply to the issue Relator raised in Relator's Motion.

5. The issue Relator has asked the Court to address in Relator's Motion is whether Defendant, Banner Health, improperly billed Medicare Part B for therapeutic outpatient hospital services provided incident to a physician's or nonphysician practitioner's service. *See* 42 C.F.R. § 410.27. More specifically, these are defined as all services and supplies furnished to hospital outpatients that are not diagnostic services and that aid the physician or non-physician practitioner in the treatment of the patient, including drugs and biologicals that cannot be self-administered. *Id.*

6. 42 C.F.R. § 410.27 governs circumstances wherein a facility may seek reimbursement from Medicare whereas 42 C.F.R. §410.75 generally governs circumstances when a nurse practitioner may bill Medicare for professional services he or she performs. Relator does not allege in Relator's Motion or Relator's Amended Complaint that nurse practitioners billed Medicare or received reimbursement from Medicare. 42 C.F.R. §410.75(e)(1) does not provide guidance on who may properly supervise the delivery of hospital outpatient therapies such as radiation therapy. Therefore, not only did Relator raise a new legal argument in Relator's Reply, the legal authority relied upon does not apply to the issue in front of the Court.

7. Defendants' seven-page proposed sur-reply is attached as Exhibit A.

**CONCLUSION**

WHEREFORE, because Relator has raised a new legal argument in Relator's Reply and the legal argument is misleading because it is not relevant to the issue in front of the Court, Defendants request the Court permit them to file a sur-reply.

Respectfully submitted this 16th day of March, 2015.

CAPLAN AND EARNEST LLC

*s/ Meghan E. Pound*

Linda L. Siderius, #12931
Meghan E. Pound, #33915
Gregory S. Lindquist, #42780
1800 Broadway, Suite 200
Boulder, CO 80302
Phone: 303-443-8010
Facsimile: 303-440-3967
Email: lsiderius@celaw.com
mpound@celaw.com
glindquist@celaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

G. Mark Simpson, Esq.
Simpson Law Firm, LLC
110 Habersham Drive, suite 108
Fayetteville, GA 30214

Jamie M. Bennett, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Nathan M. Peak, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Andrew M. Stone, Esq.
Stone Law Firm, LLC
437 Grant Street
Suite 1806
Pittsburgh, PA 15219

*s/ Rhonda L. Bender*
Rhonda L. Bender, Paralegal