IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03029-WJM-CBS

UNITED STATES ex rel,
MARTHA L. BAKER,

Plaintiff-Relator

v.

BANNER HEALTH and BANNER
MEDICAL GROUP COLORADO,

Defendants.

---

DEFENDANTS' SUR-REPLY TO RELATOR'S REPLY IN SUPPORT OF RELATOR'S EARLY MOTION FOR PARTIAL SUMMARY JUDGMENT

---

COME NOW Defendants Banner Health and Banner Medical Group Colorado ("Defendants") and submit their Sur-Reply to Relator's Reply in Support of Relator's Early Motion for Partial Summary Judgment as follows:

## I. Introduction

In Relator's Reply in Support of Relator's Early Motion for Partial Summary Judgment ("Relator's Reply"), Relator argues that in Colorado only a radiation oncologist who has been designated as an authorized user, as defined in 6 CCR 1007-1, § 24.2, can directly supervise the delivery of external beam radiation therapy pursuant to the Medicare Hospital Outpatient Prospective Payment System ("HOPPS") because only a radiation oncologist can sign a written directive for the delivery of radiation therapy. *See generally* 6 CCR 1007-1, § 24.2; 42 C.F.R. § 410.27. Relator

**EXHIBIT A**

argues that only someone who can issue a written directive or radiation prescription can personally furnish the delivery of external beam radiation therapy.

In support of her argument, Relator references 42 C.F.R. § 75(e)(1) for the first time in Relator's Reply. Reliance on 42 C.F.R. § 75(e)(1) is misleading and inapposite to the question Relator has posed to the Court in Relator's Early Motion for Partial Summary Judgment for 42 C.F.R. § 75(e)(1) governs appropriate billing for professional services. There is no allegation in Relator's First Amended Complaint or Relator's Early Motion for Partial Summary Judgment that Banner Medical Group Colorado ("BMGC"), the Defendant responsible for professional billing, submitted bills to Medicare for nonphysician practitioners' professional fees for the supervision of external beam radiation therapy. The issue in front of the Court is limited to whether Banner Health ("Banner"), the Defendant responsible for facility charges, could legally submit facility charges to Medicare when nurse practitioners directly supervised the delivery of one or more fractions of external beam radiation therapy.

## II. Argument

### *A. Direct Supervision Rules Apply Only to Facility Charges*.

42 C.F.R. § 410.27 provides that certain hospital services may be covered as incident to a physician or nonphysician's service.

> Medicare Part B pays for therapeutic hospital or CAH services and supplies furnished incident to a physician's or nonphysician practitioner's service, which are defined as all services and supplies furnished to hospital or CAH outpatients that are not diagnostic services and that aid the physician or nonphysician practitioner in the treatment of the patient, including drugs and biologicals that cannot be self-administered if they are furnished . . . (ii) as an integral although incidental part of a physician's or nonphysician practitioner's services, (iii) in the hospital or CAH or in a department of the hospital or CAH, and (iv) under the

> direct supervision . . . of a physician or a nonphysician practitioner as specified in paragraph (g) of this section, subject to the following requirements:
>
> > (A) for services furnished in the hospital or CAH, or in an outpatient department of the hospital or CAH, both on and off-campus, as defined in § 413.65 of this subchapter, "direct supervision" means that the physician or nonphysician practitioner must be immediately available to furnish assistance and direction throughout the performance of the procedure. . . .
> >
> > . . .
> >
> > (C) nonphysician practitioners may provide the required supervision of services that they may personally furnish in accordance with State law and all additional requirements. . . [and]
> >
> > (D) for pulmonary rehabilitation, cardiac rehabilitation, and intensive cardiac rehabilitation services, direct supervision must be furnished by a doctor of medicine or a doctor of osteopathy . . . .

42 C.F.R. § 410.27. The supervision requirements apply to the claims that facilities, such as hospitals, submit to Medicare for services provided by the facilities. In this instance, treatment delivery codes recognize technical-only services related to the delivery of external radiation beam therapy. *See* Medicare Claims Processing Manual, Ch. 13, Transmittal 70.3 (last revised 10/1/2003), attached as Exhibit A-1 (noting that for "Radiation Treatment Delivery," Medicare "[c]arriers pay for these [technical component] services on a daily basis under CPT codes 77401-77417 . . . ." There is no professional component to the radiation treatment delivery charge. In addition, there is not a claim submitted for the practitioner who supervises the delivery of external radiation beam therapy. Rather, 42 C.F.R. § 410.27 requires supervision in order for the *technical* claim to be payable.

B. *42 C.F.R. § 410.75(e)(1) Relates to When a Nurse Practitioner May Bill for Professional Services.*

42 C.F.R. § 410.75 generally defines the necessary qualifications for nurse practitioners and outlines the professional services for which they may bill Medicare. *See* 42 C.F.R. § 410.75. Relator references 42 C.F.R. § 410.75(e) which states that nurse practitioners "may be paid for *professional services only when the services have been personally performed by them and no facility or other provider charges, or is paid, any amount for the furnishing of the professional services."* 42 C.F.R. § 410.75(e)(emphasis added). Further, [s]upervision of other nonphysician staff by a nurse practitioner does not constitute personal performance of a professional service by a nurse practitioner." 42 C.F.R. § 410.75(e)(1).

Relator's reference to 42 C.F.R. § 410.75(e) does not apply to the issues Relator has presented to the Court. First, it is clear that a nurse practitioner may not directly bill Medicare Part B for his or her professional services if a facility submits a charge for the services. Relator does not allege in either her First Amended Complaint or her Early Motion for Partial Summary Judgment that either Defendant bills Medicare for nurse practitioners' professional services in addition to the facility charges.

Nevertheless, Relator relies on 42 C.F.R. § 410.75(e)(1) to argue that because a nurse practitioner cannot bill Medicare directly for the supervision of other nonphysician staff pursuant to 42 C.F.R. §410.75(e)(1), he or she cannot directly supervise the delivery of external beam radiation therapy. However, Relator does not allege that either Defendant submitted claims to Medicare for professional services based upon the

*supervision* of the external beam radiation therapy session for either a nurse practitioner or a radiation oncologist.

C. *42 C.F.R. § 410.75(e)(1) is Inapplicable to Whether a Nurse Practitioner Can Personally Furnish the Delivery of External Beam Radiation Therapy.*

Relator, by cobbling together pieces of the Code of Federal Regulations and the Colorado Code of Regulations, argues that because a nurse practitioner cannot author a written directive as defined in 6 CCR 1007-1, § 24.6.2, then he or she cannot *personally furnish* the delivery of a fraction of radiation beam as set forth in 42 C.F.R. § 410.27. Relator further argues that this reasoning is somehow supported by 42 C.F.R. § 410.75(e)(1) which prohibits a nurse practitioner from billing Medicare for his or her professional services if his or her involvement with the patient was limited to the supervision of other ancillary staff.

Relator's introduction of 42 C.F.R. § 410.75 in Relator's Reply further demonstrates Relator's habit of picking and choosing selected portions of certain regulatory and sub-regulatory provisions of general applicability and then reassembling those selected portions in the specific context of radiation therapy despite the fact that these provisions are unrelated to one another and they regulate different types of conduct. While 42 C.F.R. § 410.27 governs circumstances required for facilities to submit claims to Medicare, 42 C.F.R. § 410.75 governs when nurse practitioners may bill Medicare. Furthermore, 6 CCR 1007-1, § 24 governs Colorado's quality management programs for particle accelerators and therapeutic radiation machines in the healing arts. Neither 42 C.F.R. § 410.75 nor 6 CCR 1007-1, § 24 governs who may personally furnish the delivery of external radiation beam therapy.

## III. CONCLUSION

In the end, *personally furnish the service* must be defined more broadly than Relator insists. As Defendants argued in their response to Relator's Early Motion for Partial Summary Judgment, while a radiation oncologist can personally furnish a written directive as defined in 6 CCR 1007-1, § 24.6.2, he or she cannot personally furnish a radiation plan without input from dosimitrists and medical physicists; he or she does not operate the radiation machine; and if something goes wrong with the machine, the medical physicist rather than the radiation oncologist, is called. In fact, the radiation oncologist is generally not even credentialed or privileged by the hospital to operate the machine. That is done by radiation therapists.

Therefore, in the context of radiation therapy, the question before the Court should be whether or not the nonphysician practitioner, such as a nurse practitioner, can provide the same clinical interventions as a radiation oncologist should a patient need clinical intervention during the delivery of a fraction of external beam radiation therapy. Defendants submit that the answer to this question is yes. At a minimum, without a more robust record, it is a disputed issue of fact

For the reasons asserted above, the Court should deny Relator's Early Motion for Partial Summary Judgment.

Respectfully submitted this 16th day of March, 2015.

CAPLAN AND EARNEST LLC

s/ Meghan E. Pound

Linda L. Siderius, #12931
Meghan E. Pound, #33915
Gregory S. Lindquist, #42780
1800 Broadway, Suite 200
Boulder, CO 80302
Phone: 303-443-8010
Facsimile: 303-440-3967
Email: lsiderius@celaw.com
mpound@celaw.com
glindquist@celaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

G. Mark Simpson, Esq.
Simpson Law Firm, LLC
110 Habersham Drive, suite 108
Fayetteville, GA 30214

Jamie M. Bennett, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Nathan M. Peak, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Andrew M. Stone, Esq.
Stone Law Firm, LLC
437 Grant Street
Suite 1806
Pittsburgh, PA 15219

*s/ Rhonda L. Bender*
Rhonda L. Bender, Paralegal