**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3029-WJM-CBS

MARTHA L. BAKER,

     Plaintiff-Relator,

v.

BANNER HEALTH, and
BANNER MEDICAL GROUP COLORADO,

     Defendants.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

On June 12, 2015, this Court granted early partial summary judgment to Plaintiff-Relator Martha L. Baker ("Baker"), holding that Defendants Banner Health and Banner Medical Group Colorado (collectively, "Banner") do not satisfy certain Medicare requirements when they have only advanced practice nurses (as opposed to radiation oncologists) supervise radiation therapy treatments for cancer patients. (ECF No. 56.) Before the Court is Defendants' Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings (ECF No. 60). For the reasons stated below, this motion is denied.

## I. ANALYSIS

### A. Reconsideration Standard

District Courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory

orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

## B. "Personally Furnish" vs. Prescribe

Banner argues that this Court's prior order "conflates the concept of 'personally furnishing' a daily dose of external beam radiation therapy with the concept of 'prescribing' a multi-week course of radiation therapy pursuant to a written directive." (ECF No. 60 at 3.) Banner seems to contend that "personally furnish" is distinct from "prescribe" in the same way that dispensing a prescription is distinct from writing a prescription. (*Id.* at 5–7.) The Court believes, however, that 42 C.F.R. § 410.27 requires treating "personally furnish" as synonymous with "prescribe," at least under Colorado law as it currently stands.

Even if viewed as the delivery of a single daily dose, the "service" for which Medicare will pay must be under the "direct supervision" of a "physician or nonphysician practitioner [who is] immediately available to furnish assistance and direction throughout the performance of the procedure." 42 C.F.R. § 410.27(a)(1)(iv)(A). The Center for Medicare and Medicaid Services ("CMS") has specifically stated that the "direct supervision" requirement can only be met by a "supervisory practitioner or nonphysician practitioner who . . . [has] the training and knowledge to clinically redirect *the service* [*i.e.*, the daily dose, under Banner's theory] or provide additional orders." 75 Fed. Reg. 71800, 72012 (Nov. 24, 2010) (emphasis added). It cannot be met by someone who only has access (*e.g.*, by phone) "to a specialist who is able to change the plan of care should the need arise." *Id.* Thus, "direct supervision" must be performed by someone capable of changing the radiation dose.

Returning again to the words of the regulation, "[n]onphysician practitioners may provide the required supervision [*i.e.*, 'direct supervision'] of services [*i.e.*, the daily dose] that they may personally furnish in accordance with State law." 42 C.F.R. § 410.27(a)(1)(iv)(C). As explained in the previous order, nurses in Colorado cannot "personally furnish" (prescribe or change the dose of) radiation therapy, whether a course of therapy or a single dose. (ECF No. 56 at 5–6.)

Without citation, Banner argues that its advanced practice nurses "are qualified by licensure and scope of practice to clinically redirect therapy sessions" in the sense of "deciding not to treat" the patient. (ECF No. 60 at 8.) But even if true, and if (as Banner also contends) the "service" at issue is the daily dose of radiation, then choosing not to deliver a daily dose would be, by definition, choosing *not* to provide the "service." In

that circumstance, Banner would not be seeking payment for the "service" and would not trigger 42 C.F.R. § 410.27 and its supervision requirements.

The Court is not without sympathy for Banner.  It appears that most, perhaps all, daily doses of radiation cannot be changed in mid-course, but can only be completely delivered or cut off prematurely.  (*Id.* at 8–9.)  Thus, as the Court stated previously, "Banner's explanation of the practical realities of radiation therapy raises an interesting question about why CMS requires supervision by a highly trained specialist." (*Id.* at 10.) Nonetheless, CMS directly addressed this concern and rejected it in the Federal Register commentary quoted above, which Banner has never challenged as, *e.g.*, unworthy of deference.  (*See also id.* at 9–10.)

For all these reasons, and for those stated in the Court's previous order (ECF No. 56), the Court declines to reconsider its holding that, as applied in Colorado, 42 C.F.R. § 410.27(a)(1)(iv)(C) does not permit "direct supervision" by a nurse.

## C.    Interlocutory Appeal

Banner alternatively requests that this Court certify an interlocutory appeal and stay this case.  (ECF No. 60 at 9–13.)  This Court may certify an interlocutory appeal under certain circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). It is entirely within this Court's discretion to certify an order for appeal under § 1292(b). *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

Under the circumstances, the Court finds that an interlocutory appeal would not materially advance the ultimate termination of the litigation. The parties have already begun substantial fact discovery (*see* ECF No. 57 ¶¶ 5–6) and fact discovery will close on August 14, 2015 (ECF No. 59). A final pretrial conference is scheduled for November 3, 2015. (ECF No. 46 at 12.) Moreover, Baker asserts violations of the False Claims Act other than billing for improperly supervised radiation therapy. (ECF No. 38 ¶¶ 38–64.) Thus, an interlocutory appeal likely would not "avoid protracted and expensive litigation." *Burchett v. Bardahl Oil Co.*, 470 F.2d 793, 796 (10th Cir. 1972). Rather, this action would go forward in some manner either way. The Court therefore concludes that the requirements of 28 U.S.C. § 1292(b) have not been satisfied.

## II. CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings (ECF No. 60) is DENIED.

Dated this 29th day of June, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge