# EXHIBIT 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03029-WJM-CBS

UNITED STATES ex rel,
MARTHA L. BAKER,

Plaintiff-Relator

v.

BANNER HEALTH and BANNER
MEDICAL GROUP COLORADO,

Defendants.

---

**DEFENDANTS' RESPONSE TO RELATOR'S FIRST INTERROGATORIES TO DEFENDANTS**

---

Defendants Banner Health ("Banner") and Banner Medical Group Colorado ("BMGC"), respond to Relator's First Interrogatories to Defendants as follows:

**INTERROGATORIES**

1.

Please state the factual basis for paragraph 13 of your Affirmative Defenses, including identifying all public disclosures upon which such defense is based. In identifying the public disclosures, please provide the date of each such disclosure, the forum in which the disclosure was made, and the contents of the disclosure.

RESPONSE: Objection, this interrogatory is premature because discovery is still ongoing. Notwithstanding and without waiving the objection, Defendants state: other than the facts that Defendants were openly using advanced practice nurses to directly supervise the provision of external beam radiation therapy and that the Revenue Cycle report dated April 19-21, 2011 was widely distributed among Banner employees, Defendants are unaware if anyone other than Relator made a report to the government. If additional investigation does not lead to the discovery of public disclosures made by people other than Relator Marty Baker, Defendants will withdraw Affirmative Defense number 13.

2.

Please state the factual basis for your assertion, in paragraph 4 of your Affirmative Defenses, that "any actions taken by Defendants with respect to the allegations in the First Amended Complaint were undertaken in good faith," including stating whether such good faith was based in whole or in part on the advice, actions, or conduct of any attorneys or other consultants.

RESPONSE: Objection, this interrogatory is overly broad and requests information that is protected by the attorney client and work product privilege. It is also premature because Defendants are still investigating the claims alleged and discovery is not complete. Notwithstanding and without waiving this objection, Defendants state: a considerable amount of research was conducted by Defendants' employees regarding the 2010 Medicare Hospital Outpatient Prospective Payment System ("HOPPS") rule and how it applies to the delivery of external beam radiation therapy treatment. Defendants' employees reviewed the 2010 HOPPS proposed and final rules as well as the Medicare Benefit Policy Manual and Colorado Nurse Practice Act. Defendants' employees, including Relator, also participated in a conference call with the Association of Community Cancer Centers ("ACCC") regarding physician supervision under the 2010 HOPPS rule and reviewed subsequent ACCC literature. Defendants' employees prepared a position statement which outlined its rationale for utilizing advanced nurse practitioners in direct supervisory roles. Defendants' employees actively and openly discussed the plan for utilizing advanced nurse practitioners. Defendants contracted with an outside vendor, Revenue Cycle, Inc. ("RCI") to provide training and education on billing and coding, including documentation. RCI audited charts for the purpose of providing feedback to Defendants' employees to improve their billing and coding practices. Defendants' employees, including Relator, implemented recommendations provided by RCI.

3.

Please state the factual basis for your assertion, in paragraph 9 of your Affirmative Defenses, that "[t]he claims are barred, in whole or in part, by the voluntary payment doctrine." To the extent that this defense is based upon any repayment or refund of money by Defendants, please identify all such repayments or refunds.

RESPONSE: Objection, this interrogatory is premature as Defendants are still investigating the allegations in the First Amended Complaint and Relator has not identified any claims that have been erroneously billed other than the claims identified in the first amended complaint. Notwithstanding and without waiving these objections, Defendants state:

Account number 1179590011 on 12/1/2010, 12/8/2010, 12/14/2010 was refunded in part.

Account number 671510030 on 01/03/2011, 2/04/2011, 2/7/2011 was refunded in part.

Account number 664110012 on 10/1/2010 was refunded in part.

Account number 668050016 on 10/29/2010, 11/02/2010, 11/03/2010, 12/06/2010, 12/07/2010, and 12/09/2010 was refunded and an adjusted claim was billed.

Defendants will supplement this interrogatory during the course of discovery.

4.

For the period January 1, 2010 to the present, please identify all persons who provided direct supervision of radiation therapy services furnished at NCMC, MMC, or SRMC.

RESPONSE: Objection, this interrogatory is vague, overly broad, ambiguous and calls for legal conclusions. In addition, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Moreover, from January 1, 2011 through the November 2012 end date, CMS did not enforce any rules or regulations pertaining to direct supervision of outpatient services at SRMC because it is a small rural hospital with less than 100 beds. Therefore, the applicable time period for any direct supervision of radiation therapy services furnished at SRMC is October 1, 2010 to December 31, 2010.

Notwithstanding and without waiving this objection, Defendants state:

Elizabeth Ceilley, MD
Helene Christner, FNP
Deanna Davidson, MD
Sheryl Ehrman, FNP
Brian Fuller, MD
Pamola Gale, FNP
Susanna Gordon, M.D.
David Kantorwitz, M.D.
Jeffrey Young, M.D.
Michael Bryant, M.D.
Tom Barclay, M.D.
Eric Gross, M.D.
Neil Sherman, M.D.
Casey Duncan, M.D.

5.

For the period January 1, 2010 to the present, please identify all persons at NCMC, MMC, or SRMC who you contend met the requirements to be considered an “authorized user,” pursuant to 6 CCR 1007-1, § 20.2 or 6 CCR 1007-1, § 24.2.

RESPONSE: Objection, this interrogatory calls for a legal conclusion and therefore no response is required. In addition, the parties have agreed to limit the scope of discovery from October 1,

2012 through November 16, 2012. Moreover, from January 1, 2011 through the November 2012 end date, CMS did not enforce any rules or regulations pertaining to direct supervision of outpatient services at SRMC because it is a small rural hospital with less than 100 beds. Therefore, the applicable time period for any radiation therapy services furnished at SRMC is October 1, 2010 to December 31, 2010.

Notwithstanding and without waiving this objection, Defendants state:

Elizabeth Ceilley, MD
Susanna Gordon, MD
Brian Fuller, MD

6.

For the period January 1, 2010 to the present, please identify all persons at NCMC, MMC, or SRMC who you contend met the requirements to operate a therapeutic radiation machine for human use, pursuant to 6 CCR § 1007-1, § 24.3.5.1 or 6 CCR § 1007-1, § 20.3.5.1.

RESPONSE: Objection, this interrogatory calls for a legal conclusion and therefore no response is required. In addition, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state:

Janet Marie Hutchins, RT
Roxanne Beaujolis, RT
Rochelle Britton, RT
Michael Jensen, RT
Jennifer Stanley, RT
Katie Neiman, RT

7.

Please identify all certifications received by any of the following persons in the fields of radiology, therapeutic radiology, radiation oncology, or radiation therapy: (i) any individual identified in response to Interrogatories No. 4, 5, or 6, (ii) Helene Christner, (iii) Sheryl Ehrman, (iv) Pamola Gale, and (v) Mitzi Garrison. In identifying such certifications, please provide the date the certification was received and the entity awarding the certification.

RESPONSE: Objection, the word "certification" is not defined and Defendants decline to assume a definition. Notwithstanding and without waiving this objection, Defendants state: a) All of the physicians who have provided radiation oncology services are board certified in radiation oncology. This information is public record at the Colorado Department of Regulatory Agencies Health Professional Profiles Program at http://cdn.colorado.gov/cs/Satellite?c=Page&childpagename=DORA/DORALayout&cid=1249686120221&pagename=CBONWrapper;

b) All of the physicians who are considered "authorized users" are board certified in radiation oncology. That information is public record at the Colorado Department of Regulatory Agencies Health Professional Profiles Program; c) The radiation therapists who worked for Defendants during the relevant time period received certification from the American Registry of Radiologic Therapists. It is a requirement of the job and is renewed every two years. These are maintained in personnel records in which the employee retains a privacy interest. A representative sample is attached (Bates # BB-0003983_DISC). If Relator needs further information about this certification, counsel is willing to discuss this information; d) There are no certifications for (ii) Helene Christner, (iii) Sheryl Ehrman, (iv) Pamola Gale, that are responsive to this interrogatory. Mitzi Garrison was not employed at SRMC during the relevant time period of October 1, 2010 to December 31, 2010 and Defendants will not identify any certifications for her.

8.

For the period January 1, 2010 to the present, please identify all patients for whom a claim for payment was submitted to Medicare for the delivery of any form of external beam radiation therapy furnished at NCMC, MMC, or SRMC.

RESPONSE: Objection, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: See attached (Bates # BB-0003984-4415_DISC).

9.

For each patient asked to be identified in Interrogatory No. 8, please identify all claims submitted to Medicare for radiation therapy services, including any claims submitted under CPT codes 77261-77799. In identifying such claims, please provide the following information: (a) date of service, (b) date the claim was submitted, (c) name of patient, (d) any claim or account number, (e) CPT code, (f) amount of claim, (g) amount paid by Medicare, and (h) any physician or nonphysician practitioner identified on the claim form as having performed or supervised the performance of the service.

RESPONSE: Objection, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: See attached (Bates # BB-0003984-4415_DISC). The attached spread sheet does not include the date that the claim was submitted to Medicare or the name of the physician or nonphysician practitioner who supervised the performance of the service. Both of these pieces of information are difficult to obtain. For example, the identification of the supervising provider can only be obtained through a manual review of patient schedules, provider schedules, patient records and other sources. The undersigned counsel has conferred with opposing counsel to identify these issues. Counsel will continue to communicate to determine a way to provide information, including, but not limited to an agreement for a sampling of claims.

10.

For the period January 1, 2010 to the present, has there ever been an occasion where Defendants submitted a claim to Medicare for the delivery of external beam radiation therapy that was furnished at NCMC, MMC, or SRMC when there was no "authorized user" (as that term has been defined in 6 CCR 1007-1, § 20.2 or 6 CCR 1007-1, § 24.2) present at the facility?

RESPONSE: Objection, this interrogatory calls for a legal conclusion and therefore no response is required. In addition, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: Yes.

11.

If your answer to Interrogatory No. 10 is "yes," please identify all such claims, providing the following information: (a) date of service, (b) date the claim was submitted, (c) name of patient, (d) any claim or account number, (e) CPT code, (f) amount of claim, (g) amount paid by Medicare, and (h) any physician or nonphysician practitioner identified on the claim form as having performed or supervised the performance of the service.

RESPONSE: Objection, this interrogatory calls for a legal conclusion and therefore no response is required. In addition, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: See attached (Bates # BB-0003984-4415_DISC). The attached spreadsheet does not include the date that the claim was submitted or the name of the physician or nonphysician practitioner who supervised the performance of the service. Both of these pieces of information are difficult to obtain and in particular, the identification of the supervising provider can only be obtained through a manual review of patient schedules, provider schedules, patient records and other sources. The undersigned counsel has conferred with opposing counsel to identify these issues. Counsel will continue to communicate to determine a way to provide information, including, but not limited to an agreement for a sampling of claims.

12.

For the period January 1, 2010 to the present, please identify all dates (excluding weekends and holidays when no radiation therapy services were furnished to patients) when there was no "authorized user" (as that term has been defined in 6 CCR 1007-1, § 20.2 or 6 CCR 1007-1, § 24.2) present at NCMC, MMC, or SRMC.

RESPONSE: Objection, this interrogatory calls for a legal conclusion and therefore no response is required. In addition, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: This information is difficult to obtain. For example, the identification of the presence of the supervising provider when external radiation beam therapy was provided can

only be obtained through a manual review of patient schedules, provider schedules, patient records and other sources. The undersigned counsel has conferred with opposing counsel to discuss this information. Counsel will continue to communicate to determine a way to provide information, including, but not limited to an agreement for a sampling of claims.

13.

For the period January 1, 2010 to the present, please identify all calendars, schedules, databases, or other sources of information available to Defendants reflecting (i) whether a physician or nonphysician practitioner was present at NCMC, MMC, or SRMC on any particular day or portion of a day, or (ii) the date and time when an external beam radiation therapy treatment was performed on a particular patient.

RESPONSE: Objection, the parties have agreed to limit the scope of discovery from October 1, 2012 through November 16, 2012. Notwithstanding and without waiving this objection, Defendants state: MOSIAC schedules, MOSAIC calendars, Outlook calendars, personal calendars, electronic patient records, payroll records. Defendants are still in the process of determining if there any other sources of information that may provide this information and will supplement if there are any identified.

**VERIFICATION**

I, David M. Ledbetter, on behalf of Banner Health and Banner Medical Group Colorado, do swear and affirm that the answers to the foregoing interrogatories are true and correct to the best of my knowledge.

By: ______________________________
David M. Ledbetter
Vice President, Ethics & Compliance

AS TO OBJECTIONS AND ANSWERS SUPPLIED BY COUNSEL:

Respectfully submitted this 11th day of March, 2015

s/ *Linda L. Siderius*
Linda L. Siderius, Esq.
Meghan E. Pound, Esq.
CAPLAN AND EARNEST LLC
1800 Broadway, Suite 200
Boulder, CO 80302-5289
Tel. 303.443.8010
Fax. 303.440.3967
lsiderius@celaw.com
mpound@celaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2015, I served the foregoing Defendants' Response to Relator's First Interrogatories to Defendants to the following:

Marcy E. Cook
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202

G. Mark Simpson, Esq.
Simpson Law Firm, LLC
110 Habersham Drive, suite 108
Fayetteville, GA 30214

Jamie M. Bennett, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Nathan M. Peak, Esq.
ASHCRAFT & GEREL, LLP
4301 Garden City Drive, Suite 301
Landover, MD 20785

Andrew M. Stone, Esq.
Stone Law Firm, LLC
437 Grant Street
Suite 1806
Pittsburgh, PA 15219

s/ *Rhonda L. Bender*
Rhonda L. Bender, Paralegal